

**ORDERED in the Southern District of Florida on August 28, 2023.**



                           **Erik P. Kimball, Judge**
                           **United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| **In re:** | **Case No. 21-17289-EPK** |
| | **Chapter 7** |
| **MICHAEL A. GLEIBER,** | |
|     **Debtor.** | |
| _____/ | |
| **VALLEY NATIONAL BANK,** | |
|     **Plaintiff,** | |
| v. | **Adv. Proc. No. 22-01400-EPK** |
| **MICHAEL A. GLEIBER,** | |
|     **Defendant.** | |
| _____/ | |

**ORDER GRANTING DEFENDANT'S
<u>MOTION FOR ATTORNEY'S FEES AND COSTS</u>**

This matter came before the Court for hearing on July 26, 2023, upon the *Debtor-Defendant's Motion for Award of Prevailing Party Attorney's Fees and Costs* [ECF No. 45] (the "Motion") and the *Notice of Supplemental Authority* [ECF No. 52] filed by Michael A. Gleiber, and the *Plaintiff's Response in Opposition to Debtor-Defendant's Motion for Award of*

*Prevailing Party Attorney's Fees and Costs* [ECF No. 58] filed by Valley National Bank ("Valley"). Through the Motion, Mr. Gleiber seeks to recover his attorney's fees and costs incurred in this adversary proceeding pursuant to Fla. Stat. § 57.105(7).

The Motion presents a question of first impression for this Court—whether Fla. Stat. § 57.105(7) applies in an adversary proceeding brought solely under 11 U.S.C. § 727(a) for denial of discharge. The Court rules that, depending on the text of the relevant fee shifting provision in the parties' contract and the circumstances of the case, a debtor prevailing in such an action may obtain fees and costs under Fla. Stat. § 57.105(7). In this particular case, the Court finds that such relief is warranted.

Mr. Gleiber personally guaranteed several loans Valley made to his business. Mr. Gleiber filed a voluntary petition under subchapter V of chapter 11 on July 28, 2021. The Court granted Mr. Gleiber's request to convert his case to a case under chapter 7 on June 17, 2022 [ECF No. 73]. Valley filed proofs of claim numbers 15 and 16 in Mr. Gleiber's chapter 11 case. Those claims, filed before conversion, are deemed filed in the chapter 7 case. Fed. R. Bankr. P. 1019(3).

On October 31, 2022, Valley filed the *Complaint Objecting to Debtor's Discharge* [ECF No. 1] initiating this adversary proceeding. In the complaint, Valley sought relief only under 11 U.S.C. § 727(a). Mr. Gleiber included in his answer and affirmative defenses a demand for attorney's fees and costs under Fla. Stat. § 57.105(7). On May 31, 2023, the Court granted summary judgment in favor of Mr. Gleiber and entered final judgment in his favor on all relief requested in the complaint.[1] Mr. Gleiber then filed the Motion seeking fees and costs as the prevailing party under Fla. Stat. § 57.105(7).

Fla. Stat. § 57.105(7) provides, in pertinent part:

---

[1] The judgment in favor of Mr. Gleiber was not appealed. The Court entered an *Order of Discharge* on August 11, 2023.

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Each of Mr. Gleiber's guarantees in favor of Valley contains the following language:

> **Attorneys' Fees; Expenses.** Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's reasonable attorneys' fees and legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Guarantor also shall pay all court costs and such additional fees as may be directed by the court.

The Florida statute begins with the text: "If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract." So, if the guarantees at issue here do not give Valley a right to attorney's fees in connection with this adversary proceeding, then Mr. Gleiber cannot recover attorney's fees under section 57.105(7). The parties' contracts permit Valley, unilaterally, to obtain from Mr. Gleiber legal fees and expenses "incurred in connection with the enforcement of [the guarantees]." In seeking denial of Mr. Gleiber's discharge, Valley was trying to preserve its right to pursue claims under the guarantees. It does not matter that the factual allegations necessary to support the claims under 11 U.S.C. § 727(a) presented in this case are not specific to Valley's claims against Mr. Gleiber under the guarantees. It does not matter that Valley's effort to deny Mr. Gleiber's discharge would benefit all creditors and not just Valley. Valley's complaint here was obviously an attempt at "enforcement" of Mr. Gleiber's guarantees. The legal fee provision in the guarantees extends explicitly to fees and expenses "for bankruptcy proceedings" generally, further supporting the Court's analysis. It also does

not matter that Valley did not seek fees and expenses as part of the complaint. Valley nonetheless had the right to seek fees and expenses under the text of the guarantees.

Having concluded that the parties' contracts provided Valley with a right to legal fees and expenses in this adversary proceeding, the next question is whether Fla. Stat. § 57.105(7) extends that right to Mr. Gleiber. To answer that question, the Court must determine two things—whether this adversary proceeding constitutes "any action . . . with respect to the contract" as described in the statute, and whether Mr. Gleiber was the prevailing party.

In construing Fla. Stat. § 57.105(7), the Florida Supreme Court has interpreted the phrase "action with respect to the contract" relatively broadly. *Ham v. Portfolio Recovery Assocs.,* 308 So. 3d 942, 948 (Fla. 2020). The Florida Supreme Court distinguished the statutory language "with respect to the contract" from more limited phrases such as "based on," "under," or "pursuant to" the contract itself. *Id.* In the particular case before it, the Florida Supreme Court ruled that Fla. Stat. § 57.105(7) applied to a common law claim of account stated, which was not presented as a breach of contract action, because the relief requested had a "clear and direct relationship" to the parties' contracts. *Id.* Because the plaintiff brought suit to remedy the harm resulting from the parties' agreement, which contained the legal fees provision, section 57.105(7) applied.

The Florida Supreme Court's analysis in *Ham* is instructive here. In this adversary proceeding, Valley did not seek to liquidate and collect its claims under Mr. Gleiber's guarantees. But this action was a necessary step in preserving Valley's right to do just that. While not a suit based on, under, or pursuant to the guarantees, the relief sought here had a clear and direct relationship to those guarantees. This adversary proceeding constitutes an action "with respect to the contract" within the meaning of Fla. Stat. § 57.105(7).

The final issue for the Court is whether Mr. Gleiber was the prevailing party within the meaning of the Florida statute. Mr. Gleiber sought summary judgment on all relief in

this case. Valley actively litigated against that summary judgment motion. The Court ruled in Mr. Gleiber's favor and granted judgment in favor of Mr. Gleiber. Mr. Gleiber is the prevailing party in this action.

Valley complains that this result is inequitable because one of the claims presented in this adversary proceeding is such that Valley could not have known when it filed the complaint whether it would ultimately be able to satisfy its burden. In count 4, Valley sought denial of Mr. Gleiber's discharge under 11 U.S.C. § 727(a)(5). That section permits denial of discharge if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." It is possible that a plaintiff may file a complaint under this provision, based on allegations well supported at the time of filing, only to have the debtor-defendant provide a sufficient explanation thereafter, thereby negating the claim. That is exactly what happened in this adversary proceeding. After the filing of the complaint, but prior to Mr. Gleiber's motion for summary judgment, Mr. Gleiber obtained and provided to Valley data explaining the disposition of substantial assets he no longer owned on the petition date. As a result, the Court ruled in favor of Mr. Gleiber. Valley argues that to permit Mr. Gleiber to now claim fees under section 57.105(7) in connection with success on that claim would be inequitable.

The Court disagrees that application of Fla. Stat. § 57.105(7) with regard to Valley's section 727(a)(5) claim in this particular case would be inequitable. Here, in spite of ample evidence that the claim would fail, at no time did Valley seek dismissal of count 4 of the complaint. Valley continued to litigate the claim in opposition to Mr. Gleiber's motion for summary judgment. If Valley had voluntarily dismissed this claim in response to Mr. Gleiber providing a satisfactory explanation, the Court could have determined that Mr. Gleiber should not be treated as the prevailing party for purposes of section 57.105(7). *See Collins Condo. Ass'n v. Riveiro*, 348 So. 3d 8 (Fla. 3d DCA 2022) (and cases cited therein). But having

litigated the matter fully, Valley cannot now avoid the Court's conclusion that Mr. Gleiber was the prevailing party on this and all other claims presented in the complaint.

The Eleventh Circuit Court of Appeals has explicitly upheld the award of attorney's fees under Florida's reciprocal attorney's fees provision in adversary proceedings seeking to except a particular debt from discharge under 11 U.S.C. § 523(a). *Cadle Co. v. Martinez (In re Martinez)*, 416 F.3d 1286 (11th Cir. 2005). Bankruptcy courts have approved such relief in adversary proceedings combining a request for exception from discharge with a request to deny the discharge outright under 11 U.S.C. § 727(a). *See, e.g., Citizens First Nat'l Bank v. Hunter (In re Hunter)*, 243 B.R. 824 (Bankr. M.D. Fla. 1999); *O'Steen v. Lafayette State Bank (In re O'Steen)*, 2019 WL 6001891, Case No. 3:18-cv-369-J-32 (M.D. Fla. Nov. 14, 2019); *Silvestri v. Allen (In re Allen)*, 2012 WL 1999532, Adv. Proc. No. 10-03813-EPK (Bankr. S.D. Fla. May 31, 2012). But no reported decision indicates application of Fla. Stat. § 57.105(7) in an action seeking only denial of discharge.[2] Valley argues that this distinction is important.

In light of the text of the guarantees in this case, and the language of Fla. Stat. § 57.105(7), the Court does not agree. That the Eleventh Circuit Court of Appeals has approved application of section 57.105(7) in exception from discharge actions, but has not yet done so in a denial of discharge case, does not preclude this Court's doing so. To the contrary, the Eleventh Circuit's analysis in *Martinez* supports this Court's conclusion. Just as with the plaintiff in *Martinez*, Valley's claims in this adversary proceeding were "an attempt to increase its likelihood of getting paid . . . which would have been substantially diminished had the bankruptcy court discharged that debt." *In re Martinez*, 416 F.3d at 1290.

---

[2] The Court notes that in *Hunter*, the bankruptcy court separately addressed the award of fees and costs under the predecessor to Fla. Stat. § 57.105(7) and ruled that the statute would apply to a claim under 11 U.S.C. § 727(a). *In re Hunter*, 243 B.R. at 826.

## ORDER

For the foregoing reasons, it is ORDERED and ADJUDGED as follows:

1. The Motion [ECF No. 45] is GRANTED.

2. Counsel for defendant Michael A. Gleiber has already filed a declaration of attorney's fees and costs as Exhibit A to the Motion, as supplemented by ECF No. 59.

3. Not later than 14 days following entry of this Order, Valley National Bank may file and serve an objection to the amount of fees and expenses requested solely on the basis of reasonableness. If Valley National Bank files a timely objection, the Court will determine a reasonable fee award. If Valley National Bank does not file a timely objection, counsel for Mr. Gleiber may upload a proposed order, specifically referencing this Order, awarding the amount of attorney's fees and costs requested in the declaration as supplemented.

###

Copy to:

Nathan G. Mancuso, Esq.

*Nathan G. Mancuso, Esq. is directed to serve a copy of this order on all parties in interest and to file a certificate of service with the Court.*